OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, and a new trial ordered.
 

 Following a jury trial, defendant was acquitted of two counts of robbery (Penal Law § 160.15 [1], [2]), and convicted of one count of assault in the first degree (Penal Law § 120.10 [4]). During the course of jury deliberations, the jury addressed several written inquiries to the trial court, including requests that parts of the testimony and the court’s instructions be read back. After responding to a jury request not at issue on this appeal, the court informed the parties that it had received another note, this one from a single member of the jury stating that the jury was at an "emotional impasse.”
 

 At that point, defense counsel asked to approach the bench, but was told that he could not and that he should not interrupt the court. Counsel continued to protest, noting that he had not seen the note. However, the court, without responding to counsel, read the note aloud and then instructed the jury to decide the case on the evidence, without letting emotions enter into their deliberations.
 

 After the jury left the courtroom to continue deliberating, the court and defense counsel engaged in a colloquy during which the court ruled that defense counsel had absolutely no right to suggest or comment on the response to the jury’s "emotional impasse” note, and peremptorily directed counsel not to attempt to assert such right. The court also refused defense counsel’s request for an opportunity to make a record of his objections.
 

 On appeal, the Appellate Division, citing this Court’s decision in
 
 People v O’Rama
 
 (78 NY2d 270), held that although the Trial Judge erred by refusing defense counsel the opportunity to suggest responses to the note from the juror, the error was harmless in light of the overwhelming evidence of defendant’s guilt (202 AD2d 443). We agree that the trial court committed error but are unable to agree that the error was harmless.
 

 
 *931
 
 In
 
 O’Rama,
 
 we held that the failure of a trial court to inform defense counsel of the exact contents of a juror’s note
 
 *
 
 deprived defendant of the "meaningful notice” required by CPL 310.30. Meaningful notice, we said, requires not only that counsel be present in the courtroom when the court delivers its response to jurors’ requests for information or instruction, but also "that counsel has the opportunity to be heard
 
 before
 
 the response is given”
 
 (People v O’Rama, supra,
 
 at 277;
 
 cf., People v Starling,
 
 85 NY2d 509 [decided today]).
 

 The trial court’s error in
 
 O’Rama,
 
 i.e., failure to disclose the exact content of a substantive inquiry by a deliberating jury, "had the effect of entirely preventing defense counsel from participating meaningfully in this critical stage of the trial”
 
 (id.,
 
 at 279) and was, thus, inherently prejudicial. This Court concluded in
 
 O’Rama,
 
 therefore, that the error was reversible even without a showing of specific prejudice. In the instant case, the court entirely deprived defendant of his right to have specific input into the court’s response to the single juror’s note. Moreover, just as in
 
 O’Rama,
 
 the court’s response to the juror’s note "was, unquestionably, intended to have an effect on the deliberative process”
 
 (People v O’Rama, supra,
 
 at 280). Thus, the court’s denial of defendant’s opportunity to participate in the charging decision was inherently prejudicial. As such, the conviction must be reversed and a new trial ordered.
 

 We also agree with defendant that the property recovered from defendant’s clothing by a police officer before defendant was arrested, identified as a participant in the robbery, or connected in any identifiable way to the crime being investigated must be suppressed. There is nothing in the record to support the trial court’s finding that the officer who searched the clothing found on the hospital floor in the same room with defendant "was directed to a room where the other individual was who was involved in the shooting in the robbery.” Nor was the search conducted pursuant to a warrant, by consent, or incident to arrest
 
 (see, People v Loria,
 
 10 NY2d 368). And contrary to the People’s assertions, neither the trial court nor the Appellate Division found probable cause to search the clothing. The search was therefore illegal, and the evidence seized improperly admitted at trial.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.
 

 *
 

 The juror’s note in
 
 O’Rama
 
 also reflected that the jury was having difliculty in deliberations. The court responded with an
 
 Allen
 
 charge.