■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE SALAS, Appellant. [851 NYS2d 29]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered July 7, 2005, convicting defendant, after a jury trial, of criminal mischief in the second degree, and sentencing him, as a second felony offender, to a term of 2¹/₂ to 5 years, unanimously affirmed.

At issue on appeal is whether the court's response to two jury notes violated the principles of *People v O'Rama* (78 NY2d 270, 277-278 [1991]). In each instance, the record reflects that defendant and counsel were present when there was a "pause in the proceedings," immediately after which the court brought the jury back to the courtroom, read the note into the record, and responded. Each time, defense counsel made no comment on the court's procedure or on the substance of its response.

We reject defendant's claim that there is a mode of proceedings error which is exempt from the preservation requirements. Defendant failed to make a record in the trial court that is sufficient to permit appellate review (*People v Johnson*, 46 AD3d 415 [2007]).

The record demonstrates that the court, at least, fulfilled its "core responsibility" (*People v Kisoon*, 8 NY3d 129, 135 [2007]) to notify counsel of the contents of each note by reading it in open court. The court did not prevent counsel from knowing the specific contents of the notes, or from suggesting different responses than those the court provided (*compare People v Starling*, 85 NY2d 509, 516 [1995], *with People v Cook*, 85 NY2d 928 [1995]). Furthermore, viewed in light of the presumption of regularity (*see People v Velasquez*, 1 NY3d 44, 48 [2003]), we conclude that the "pause in proceedings" in each instance was an off-the-record disclosure of the note to counsel, accompanied by an opportunity to be heard. This conclusion is reinforced by the fact that neither note was likely to have required much discussion by counsel. In one instance, the court provided a simple readback of testimony, and in the other the court delivered a legal instruction that was favorable to defendant. Our conclusion is also supported by the fact that immediately after the second "pause," the court said "All right, for the record," and read the second note into the record, thus implying, given the other circumstances present, the existence of a prior unrecorded discussion.

Defendant's claim that his counsel provided ineffective assistance with regard to these matters is without merit. Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.