■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE CAMPBELL, Appellant. [851 NYS2d 158]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., on suppression motion; Edward J. McLaughlin, J., at jury trial and sentence), rendered August 1, 2006, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 6½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. It is undisputed that the police lawfully arrested defendant on probable cause to believe he would be arriving on a certain bus at the Port Authority Bus Terminal while armed with a weapon. As he was being arrested, he admitted he had a firearm in his open tote bag, a few steps away from him. From a lawful vantage point, an officer looked into the open bag and saw a

firearm in plain view. Even if we were to accept defendant's assertion that this constituted the search of a closed container, we would still find it to be lawful. The bag had not been reduced to the exclusive control of the police, who acted reasonably to ensure their safety and that of bystanders (*see People v Smith,* 59 NY2d 454 [1983]; *People v Wylie,* 244 AD2d 247 [1997], *lv denied* 91 NY2d 946 [1998]).

During deliberations, the jury sent a note to the court asking for a re-reading of the elements of the crimes with which defendant was charged. The court informed the parties that "[t]hey have a note, they want elements." After the jurors were brought into the courtroom, the court responded to the jury's note by re-reading the elements of the crimes. Although the court should have followed the procedure outlined in *People v O'Rama* (78 NY2d 270, 277-278 [1991]), it at least fulfilled its "core responsibility" (*People v Kisoon,* 8 NY3d 129, 135 [2007]) to notify counsel of the contents of the note. The court did not prevent counsel from knowing the specific language of the note, or from suggesting different responses from those the court provided (*compare People v Starling,* 85 NY2d 509, 516 [1995], *with People v Cook,* 85 NY2d 928 [1995]). Accordingly, we do not find any mode of proceedings error that would be exempt from preservation requirements, and we decline to review defendant's claim in the interest of justice. Furthermore, viewed in light of the presumption of regularity (*see People v Velasquez,* 1 NY3d 44, 48 [2003]), we conclude that counsel was afforded the opportunity to read the note and suggest a response before the jury entered the courtroom.

We perceive no basis for reducing the sentence. Concur— Lippman, P.J., Mazzarelli, Friedman, Sweeny and Moskowitz, JJ.