■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZA SNIDER, Also Known as ALONZO SNIDER, Appellant. [855 NYS2d 57]—

At issue on appeal is whether the court's response to several jury notes violated the principles of *People v O'Rama* (78 NY2d 270, 277-278 [1991]). We conclude that defendant failed to make a record that is sufficient to permit appellate review of this issue (*see People v Kinchen*, 60 NY2d 772, 773-774 [1983]), or to overcome the presumption of regularity that attaches to judicial proceedings (*see People v Velasquez*, 1 NY3d 44, 48 [2003]). The record does not establish that the court failed to fulfill its "core responsibility" under *People v Kisoon* (8 NY3d 129, 135 [2007]). There is no evidence that the court prevented counsel from knowing the specific contents of the notes, or from suggesting different responses than those the court provided (*compare*

*People v Starling*, 85 NY2d 509, 516 [1995], *with People v Cook*, 85 NY2d 928 [1995]). Accordingly, we reject defendant's claim that there was a mode of proceedings error exempt from preservation requirements, and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal. The notes simply called for readbacks of portions of the court's charge, which the court provided, and any input by counsel would have been minimal. However, as the Court of Appeals stated in *Kisoon*, "we underscore the desirability of adherence to the procedures outlined in *O'Rama*" (8 NY3d at 135).

Defendant's claim that his counsel was ineffective for failing to object to the court's procedure in responding to the notes is unreviewable on direct appeal. The record does not establish that counsel did not have notice of the jury notes and an opportunity to be heard (*see People v Love*, 57 NY2d 998 [1982]).

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count of fifth-degree possession (*see e.g. People v Brown*, 298 AD2d 158 [2002], *lv denied* 99 NY2d 556 [2002]). Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.