■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DASHAUN HINTON, Appellant. [877 NYS2d 270]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered March 6, 2007, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.

Defendant failed to make a record sufficient to permit review of his claim (*see People v Kinchen,* 60 NY2d 772, 773-774 [1983]) that the court did not provide defense counsel with notice of two jury notes and an opportunity to be heard regarding the court's responses (*see People v O'Rama,* 78 NY2d 270 [1991]). Viewed in light of the presumption of regularity that attaches to judicial proceedings (*see People v Velasquez,* 1 NY3d 44, 48 [2003]), the existing record, to the extent it permits review, demonstrates that the court satisfied its "core responsibility" under *People v Kisoon* (8 NY3d 129, 135 [2007]) to disclose jury notes and permit comment by counsel. Accordingly, there was no mode of proceedings error exempt from preservation requirements (*see People v Starling,* 85 NY2d 509, 516 [1995]). There is no evidence that the court prevented counsel from knowing the specific contents of the notes, or from suggesting different responses from those the court provided. On the contrary, the court, at least, revealed the full contents of each note in the presence of counsel and the jury immediately prior to responding.

We decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal. The record supports the conclusion that counsel received a suitable opportunity for input into the court's responses. The first of the inquiries at issue required essentially ministerial responses that were not likely to require significant input from counsel (*see People v Snider,* 49 AD3d 459, 460 [2008], *lv denied* 11 NY3d 795 [2008]). The other inquiry at issue announced that the jury had reached a verdict on two of the three counts submitted, and the court responded by simply accepting the partial verdict without objection from defense counsel.

While we do not find that the court's handling of any of the jury inquiries in this case requires reversal, nevertheless, as the

Court of Appeals stated in *Kisoon,* "we underscore the desirability of adherence to the procedures outlined in *O'Rama*" (8 NY3d at 135).

Defendant's challenge to the content of the *Allen* charge (*Allen v United States,* 164 US 492 [1896]) that the court delivered in response to another jury note is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see People v Alvarez,* 86 NY2d 761, 763 [1995]). Concur—Tom, J.P., Andrias, Buckley and DeGrasse, JJ.