THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON STOCKS, Appellant. [957 NYS2d 356]—

The defendant's contention that the People failed to present legally sufficient evidence of physical injury to sustain his conviction of robbery in the second degree under count two of the indictment (*see* Penal Law § 160.10 [2] [a]) is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish physical injury (*see* Penal Law § 10.00 [9]; *People v Chiddick*, 8 NY3d 445, 447-448 [2007]; *People v Valencia*, 50 AD3d 1163, 1164 [2008]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, a new trial is required based on the Supreme Court's failure to comply with CPL 310.30. In *People v O'Rama* (78 NY2d 270 [1991]), the Court of Appeals set forth the procedure for handling communications from the jury in accordance with CPL 310.30. The Court of Appeals held that "whenever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel" (*People v O'Rama*, 78 NY2d at 277-278). "After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses. The court should then ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate before the jury is exposed to any potentially harmful information. Once the jury is returned to the courtroom, the communication should be read in open court" (*People v Lockley*, 84 AD3d 836, 837 [2011]; *see People v O'Rama*, 78 NY2d at 278). "Although some deviations from this procedure may be warranted depending on the circumstances, where the court fails to fulfill its 'core responsibility' under CPL 310.30 by depriving the defendant of meaningful notice of the communication or a meaningful opportunity to participate in the formulation of the court's response, the error affects the mode of the proceedings" (*People v Lockley*, 84 AD3d at 837, quoting *People v Kisoon*, 8 NY3d 129, 134-135 [2007]; *see People v O'Rama*, 78 NY2d at 279-280). "The purpose of CPL 310.30 and the *O'Rama*

*decision is to maximize the participation of counsel at a time when counsel's input is most meaningful, that is, before the court gives its formal response to the jury"* (*People v Lockley*, 84 AD3d at 838; *see People v Cook*, 85 NY2d 928, 931 [1995]; *People v O'Rama*, 78 NY2d at 278).

Here, there is no evidence appearing on the face of the record that the Supreme Court read the contents of a note from the jury into the record and provided counsel a full opportunity to suggest appropriate responses (*see People v Surpris*, 83 AD3d 742, 744 [2011]). Rather, the record demonstrates that the Supreme Court violated the procedure set forth in *O'Rama* by reading the contents of the jury note for the first time in front of the jury and immediately providing a response (*see People v Lockley*, 84 AD3d at 838). Significantly, in one part of the note, the jury asked for clarification as to the difference between the two counts of robbery in the second degree. This was not a request for a mere ministerial readback of the Supreme Court's charge (*cf. People v Starling*, 85 NY2d 509, 516 [1995]; *People v Snider*, 49 AD3d 459 [2008]). Instead, that portion of the jury's note requested a substantive response (*see People v Lockley*, 84 AD3d at 838). Since defense counsel was not afforded the opportunity to provide suggestions for the Supreme Court's response to the jury's substantive inquiry, the defendant was prevented from participating meaningfully at this critical stage of the proceeding (*see People v O'Rama*, 78 NY2d at 279; *People v Lockley*, 84 AD3d at 838).

Since the jury's note contained a substantive inquiry, the Supreme Court's failure to provide counsel an opportunity to participate meaningfully in formulating its response was a mode of proceedings error that requires reversal (*see People v Tabb*, 13 NY3d 852, 853 [2009]; *People v Surpris*, 83 AD3d at 744; *People v Lewis*, 77 AD3d 579, 580 [2010]). Accordingly, we reverse the judgment and order a new trial.

We note that the Supreme Court improperly precluded, on hearsay grounds, testimony regarding the contents of a conversation between the defendant and his purported accomplice that was relevant to the defendant's state of mind (*see People v Kass*, 59 AD3d 77, 86-87 [2008]). Since this testimony was offered for a nonhearsay purpose, it should have been admitted at trial. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.

Motion by the appellant, inter alia, to strike stated portions of the respondent's brief on an appeal from a judgment of the

Supreme Court, Queens County, rendered December 11, 2008. By decision and order on motion of this Court dated June 26, 2012, that branch of the motion which was to strike stated portions of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the branch of the motion which was to strike stated portions of the respondent's brief is granted, and those portions of the respondent's brief have not been considered (*see People v Powell*, 101 AD3d 756 [2012]). Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.