Rivera, J.
(dissenting). In People v O’Rama (78 NY2d 270 [1991]), this Court stated, without reservation, that CPL 310.30 imposes a duty on the trial court to meaningfully respond to a substantive juror inquiry.[1] This requirement is no mere technical nicety, but a core responsibility of the trial court which may *545 not be ignored or abdicated (People v Kisoon, 8 NY3d 129, 134 [2007]; People v Torres, 72 NY2d 1007, 1008-1009 [1988]; People v Ahmed, 66 NY2d 307, 310 [1985]).
A court’s unresponsiveness to a jury’s substantive request for information is no ordinary procedural error, nor an error of de minimis significance. As previously explained by this Court,
“[t]here are few moments in a criminal trial more critical to its outcome than when the court responds to a deliberating jury’s request for clarification of the law or further guidance on the process of deliberations. Indeed, the court’s response may well determine whether a verdict will be reached, and what that verdict will be” (Kisoon, 8 NY3d at 134-135, citing 23 AD3d 18, 20 [2d Dept 2005]).
To ensure judicial vigilance of the proper discharge of this duty, “[a] . . . court’s failure to fulfill the ‘core responsibility’ under O’Rama is treated as a mode of proceedings error” that does not require preservation by defendant (People v Silva, 24 NY3d 294, 299 [2014], quoting Kisoon, 8 NY3d at 135). Quite simply, “[although we have recognized that some departures from the procedures outlined in O’Rama may be subject to rules of preservation, a failure to fulfill the court’s core responsibility is not” (Kisoon, 8 NY3d at 135 [citations omitted]).
Moreover, we are not presented with an attempt to expand the mode of proceedings category to include a “new” error, as my colleagues maintain (majority op at 540-541). Rather, this case merely requires that we apply our existing precedent to an error previously identified as one not subject to our rules of preservation. Thus, the majority’s conclusion that preservation rules apply when a court utterly fails to respond to a juror’s substantive inquiry disregards our commitment to stare decisis.[2] I think this recasting of the duty ill-advised. Our adherence to this venerable doctrine “promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the *546 actual and perceived integrity of the judicial process” (People v Taylor, 9 NY3d 129, 148 [2007] [internal quotation marks omitted], quoting Payne v Tennessee, 501 US 808, 827 [1991]). In order to overturn past precedent there must be a compelling justification to do so, which may be found where such precedent “leads to an unworkable rule, or . . . creates more questions than it resolves” (id. at 149), or where “a preexisting rule, once thought defensible, no longer serves the ends of justice or withstands ‘the cold light of logic and experience’ ” (Policano v Herbert, 7 NY3d 588, 604 [2006], quoting Broadnax v Gonzalez, 2 NY3d 148, 156 [2004]).
This Court’s determination that a trial court’s failure to respond constitutes a mode of proceedings error is not unclear, unsettled, unworkable, or rendered outdated. There is likewise no evidence that overturning this established precedent is “consistent with these principles and required by sound policy” (People v Bing, 76 NY2d 331, 338 [1990]). To the contrary, the bright-line rule that a court’s failure to provide any response to a jury’s substantive note is not subject to preservation maintains clarity, and furthers judicial compliance with the legislative intent of CPL 310.30 that no jury request for instruction on the law and matters pertinent to its consideration be left unanswered. Therefore, stare decisis counsels that we should not overturn our Court’s settled precedent.
The majority seeks to pave new ground by recharacterizing a court’s unresponsiveness to a jury’s substantive note as an error of lesser importance to the criminal process than some others that are subject to our rules of preservation (majority op at 541). The majority’s view is difficult to square with this Court’s previous statements that the court’s core responsibility is significant because it has the potential to affect the outcome of the trial (O’Rama, 78 NY2d at 279; Kisoon, 8 NY3d at 134). Moreover, long before O’Rama, Kisoon and Silva, this Court recognized that a court’s obligation to respond to jury notes is an indispensable part of the trial process. In describing Code of Criminal Procedure § 427, predecessor to CPL 310.30 and which similarly mandated that, upon request, a court provide a jury with information concerning a point of law, this Court explained that “[t]he Legislature of this State has . . . made positive and absolute the requirement that ‘the information required must be given’. The answering of such questions is no mere matter of conventional procedure. It is an integral part of the structure of an adequate trial” (People v Gonzalez, 293 NY 259, 263 [1944]).
*547 Nor does it matter, as the majority contends, that defense counsel was on notice of the court’s failure to respond (majority op at 541). The majority in People v Nealon relied on this same argument to impose a preservation requirement in cases where a court fails to comply with the other half of its CPL 310.30 core responsibility, namely the requirement to provide defense counsel with meaningful notice of a jury’s substantive request and an opportunity for counsel to participate in the formulation of a response (26 NY3d 152, 161-162 [2015]). The dissent in Nealon effectively explained why a failure to object is ir-revelant to a mode of proceedings error.
“Conceptually, of course, whether an error is deemed to compromise the basic structure of a trial and thus to qualify as one affecting the mode of proceedings cannot depend upon whether it involves a deviation as to which an objection is capable of being made. Mode of proceedings errors are by reason of their fundamental incompatibility with essential process nonwaivable .... Neither the gravity of such error nor the consequently primary judicial obligation to avoid its commission is logically diminished or relieved by reason of the circumstance that a defendant is able to, but does not contemporaneously, protest its occurrence” (id. at 166 [Lippman, Ch. J., dissenting], citing People v Patterson, 39 NY2d 288, 295 [1976]).
The same is true in this case. Imposition of a preservation requirement is inherently counter to the underlying premise of a mode of proceedings error, which is the type of nonwaivable error that goes to the heart of the trial process. Whether defense counsel objects to a court’s unresponsiveness to a jury’s substantive note is of no moment. What matters is the court’s failure to comply with its mandated duty and core responsibility.
The majority argues no more persuasively here than in Nealon that its preservation rule is necessary to avoid the situation where a court would be required to respond to a jury note against a defendant’s wishes. The majority fundamentally misunderstands the import of CPL 310.30 and our precedent. Defendant’s preference or acquiescence is irrevelant because the duty works on the court, not the defendant. Just as the court may not unilaterally ignore its legislatively imposed *548 responsibility, neither can the defendant absolve the court of this duty by agreeing that the court need not respond to a juror’s substantive request.
As a final point, the majority here contends that the preservation rule is necessary to avoid incentivizing gamesmanship by defense counsel who would merely fail to challenge a CPL 310.30 error in order to create an appellate issue (majority op at 543-544). The argument is no more persuasive in this case than it was in Nealon because it is grounded on speculation about defense counsel’s motives, and demonstrates a misunderstanding of the court’s duty under CPL 310.30. As the dissent in Nealon argued,
“apart from the lack of any empirical basis for the prediction that defense counsel generally would elect not to zealously represent their clients at trial in order to bank an appellate reversal years down the line, the majority’s concern demonstrates a confusion over whose conduct the mode of proceedings doctrine is intended to regulate. It is not counsel’s conduct that is the primary concern of the doctrine, but the court’s. The doctrine recognizes that it is the court, not counsel, that is best situated to assure that the correct procedure is followed when a note requesting instruction issues from a deliberating jury, and that when the court discharges its core obligations there will be no opportunity for gamesmanship of the sort feared” (Nealon, 26 NY3d at 168-169).[3]
In defendant’s case, while the court was discussing with counsel and the prosecutor its response to pending substantive jury notes, the court received indication that the jury had reached a verdict. When the court accepted the verdict without providing any response to the pending notes, or without alternatively asking the jurors whether they had withdrawn their requests, the court failed to comply with its core *549 responsibility under CPL 310.30.[4] The court’s inaction constituted a mode of proceedings error for which preservation is unnecessary, and, under the circumstances of this case, warrants reversal and a new trial (O’Rama, 78 NY2d at 279; Kisoon, 8 NY3d at 135; CPL 310.30; Silva, 24 NY3d at 300, 300 n 1 [a judge’s unresponsiveness to a jury request may lead to a new trial]). Therefore, I dissent and would affirm the Appellate Division.
Chief Judge DiFiore and Judges Pigott, Abdus-Salaam, Stein and Garcia concur; Judge Rivera dissents and votes to affirm in an opinion.
Order reversed and case remitted to the Appellate Division, Fourth Department, for consideration of the facts and issues raised but not determined on the appeal to that Court.

. The court’s core responsibility additionally encompasses its CPL 310.30 duty to notify counsel of a juror’s substantive inquiry, which this Court has explained requires “meaningful notice to counsel of the specific content of the *545 jurors’ request — in order to ensure counsel’s opportunity to frame intelligent suggestions for the fairest and least prejudicial response” (People v Kisoon, 8 NY3d 129, 134 [2007]; see also O’Rama, 78 NY2d at 277 [CPL 310.30 imposes a duty to provide notice to counsel of a jury inquiry and to respond meaningfully]). This duty is not at issue in this appeal.

. Contrary to the majority’s view, the rule is clearly set forth in our precedent, and cannot be distinguished as mere dicta.

. The majority’s argument seems particularly misplaced where, as here, the court’s failure to respond to a jury’s substantive note is due to an intervening indication from the jury that it has reached a verdict. Given the law at the time of the defendant’s trial, defense counsel may have relied on decisions from lower courts that treated the jury’s announcement of a verdict as the jury’s implicit withdrawal of its prior request for information (People v Albanese, 45 AD3d 691, 692 [2d Dept 2007], lv denied 10 NY3d 761 [2008]; People v Fuentes, 246 AD2d 474, 475 [1st Dept 1998], lv denied 91 NY2d 941 [1998]).

. This case is distinguishable from cases where the court attempts to comply with its duty and the defendant claims the response is inadequate. In those cases, the rule of preservation applies (see People v Morris, 27 NY3d 1096 [2016] [decided herewith]).