People v Carillo (2021 NY Slip Op 05710)





People v Carillo


2021 NY Slip Op 05710


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2010-03561
 (Ind. No. 1503/09)

[*1]The People of the State of New York, respondent,
v
Carlos Carillo, appellant.


Patricia Pazner, New York, NY (Anna Kou of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rhea A. Grob of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered April 8, 2010, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
Pursuant to CPL 310.30, when a trial court receives a substantive jury inquiry, the court has two separate duties: "the duty to notify counsel and the duty to respond" (People v O'Rama, 78 NY2d 270, 276; see CPL 310.30). With regard to the former duty, the court must provide counsel "notice of the actual specific content of the jurors' request" (People v O'Rama, 78 NY2d at 277). A "trial court's failure to provide counsel with meaningful notice of a substantive jury note is a mode of proceedings error that requires reversal" (People v Morrison, 32 NY3d 951, 952; see People v Parker, 32 NY3d 49, 59; People v Cook, 85 NY2d 928, 931).
Here, although marked as a court exhibit, the trial transcript does not reflect that the Supreme Court showed or read verbatim to counsel a jury note, which stated: "We would like the DNA results in regards to the blood smear on the banister." Thus, as the defendant contends and the People correctly concede, because the court failed to provide counsel with meaningful notice of a substantive jury note, we must reverse the judgment and order a new trial (see People v Morrison, 32 NY3d at 952; People v Silva, 24 NY3d 294, 300; People v Walston, 23 NY3d 986, 990).
The defendant's remaining contentions have been rendered academic in light of our determination.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court