■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY LOGAN, Appellant. [870 NYS2d 320]—

Judgment, Supreme Court, Bronx County (Robert A. Sackett, J.), rendered July 6, 2005, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification. The victim had an adequate opportunity to view the robber at a distance of 3½ feet as he rifled through her wallet. She provided a detailed and accurate description, and she was certain that he was the robber.

The court properly denied defendant's suppression motion. Photographs of the lineup establish that defendant and the other participants were very similar in appearance, and that defendant was not singled out in any manner (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The victim had described defendant as bald, and two of the fillers, like defendant, were completely bald, while the other two had very little hair. We reject defendant's argument that this factor "eliminated" two fillers as possible choices for the victim. On the contrary, the photographs reveal little difference among the participants. Moreover, in common parlance men who are actually "balding" or partially bald are often referred to as "bald." The photographs also show that the height differences among the lineup participants, who were seated, were barely noticeable.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's reasons for not calling an identification expert or moving to reopen the suppression hearing based on trial testimony (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). We find unpersuasive defendant's argument that there could not have been any strategic explanations for these omissions. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that either of the complained-of choices by counsel was unreasonable, or that they caused him any prejudice or deprived him of a fair trial. We note that at the time of defendant's trial, the Court of Appeals had not yet decided *People v LeGrand* (8 NY3d 449 [2007]), which sets forth the standard for determining the admissibility of such expert testimony, and it cannot be assumed that the trial court would have permitted the expert to testify. In any event, defendant has not shown a reasonable probability that expert testimony would have affected the verdict. Nor was counsel ineffective for failing to move to reopen the suppression hearing based on trial testimony concerning procedures employed by a detective in setting up the lineup. This matter was peripheral, and it cast no doubt on the fairness of the lineup. Defendant has not shown any likelihood that the trial court would have reopened the hearing (*see* CPL 710.40 [4]; *see People v Clark*, 88 NY2d 552, 555 [1996]), or that a reopened hearing would have led to suppression of the lineup. Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and DeGrasse, JJ.