■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WESLEY, Appellant. [926 NYS2d 89]—

Judgment, Supreme Court, New York County (Renee A. White, J., at severance motion; John Cataldo, J., at jury trial and sentencing), rendered August 14, 2007, as amended August 24, 2007, convicting defendant of robbery in the first degree (two counts), robbery in the second degree, sexual abuse in the first degree and forcible touching, and sentencing him, as a persistent violent felony offender, to an aggregate term of 50 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences be served concurrently, resulting in a new an aggregate term of 25 years to life, and otherwise affirmed. Judgment, same court (Renee A. White, J.), rendered November 27, 2007, convicting defendant, after a separate jury trial, of forcible touching and sexual abuse in the third degree, and sentencing him to concurrent terms of one year and 90 days, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility.

The motion court properly exercised its discretion in granting defendant only a limited severance of the counts of the indictment. The court permitted the joint trial of the counts relating to three robbery incidents, including the sex offenses that were part of the same transaction as one of the robberies. The court ordered a separate trial of sex charges arising from two additional incidents not involving robbery. Defendant did not establish good cause for a further severance of these properly joined counts (see People v Ford, 11 NY3d 875, 879 [2008]).

Defendant did not provide a record sufficient to permit review of his claim that the court failed to disclose the contents of a jury note to defense counsel. In any event, unlike the situation in People v Tabb (13 NY3d 852 [2009]), there is record proof that warrants an inescapable inference that in an unrecorded

conversation, defense counsel was apprised of the contents of the note (*see e.g. People v Fishon*, 47 AD3d 591 [2008], *lv denied* 10 NY3d 958 [2008]). There was a recorded interchange between the court, the prosecutor and the defense attorney, in which the prosecutor made several references to the contents of the note, and both counsel expressly declined to be heard on the jury's request. This interchange makes no sense unless defense counsel was aware of the contents of the note. Accordingly, the court fulfilled its core responsibilities under *People v O'Rama* (78 NY2d 270, 277 [1991]). Defendant's remaining *O'Rama* claim does not warrant reversal.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record, including counsel's reasons for not calling an identification expert (*see People v Logan*, 58 AD3d 439 [2009], *lv denied* 12 NY3d 926 [2009]). Regardless of whether the trial evidence indicates that expert testimony on identification might have been appropriate, that evidence is not enough to resolve the issue of whether counsel's decision to forgo such expert testimony was a reasonable strategic choice. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that the acts or omissions of counsel that defendant challenges on appeal fell below an "objective standard of reasonableness" (*Strickland*, 466 US at 688). In any event, we also conclude that none of these acts or omissions, viewed individually or collectively, had a reasonable probability of affecting the outcome or depriving defendant of a fair trial (*id*. at 694).

We find the sentence excessive to the extent indicated. Concur—Mazzarelli, J.P., Sweeny, Freedman, Manzanet-Daniels and Román, JJ.