■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ABREU, Appellant. [931 NYS2d 320]—

We reject defendant's argument that the first-degree murder conviction was against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence warranted the conclusion that defendant intended to kill the victim, and it does not support defendant's theory that he may have accidentally fired what he believed to be an unloaded revolver.

The court properly permitted a conspirator to testify, pursuant to the coconspirator declaration exception to the hearsay rule (*see People v Caban*, 5 NY3d 143, 148 [2005]), that a nontestifying conspirator told him that defendant shot the victim. In this home invasion robbery, defendant and the nontestifying conspirator-declarant entered the victim's apartment while the testifying conspirator and another conspirator waited outside the building. Immediately after the crime, defendant and the conspirator-declarant met with the testifying conspirator. At the time the declarant announced to his coconspirators that defendant had killed the victim, the conspiracy was still in progress, especially since the stolen property had not yet been divided up. The declaration was in furtherance of the conspiracy, since it apprised the other conspirators of the progress or status of the conspiracy (*see United States v Paone*, 782 F2d 386, 391 [2d Cir 1986], *cert denied* 483 US 1019 [1987]). Under the circumstances, it was important for the conspirators to know that the victim had been killed.

The court properly permitted the People to rebut a claim of recent fabrication by introducing a prior consistent statement made by the cooperating conspirator, since this statement predated a particular motive to falsify that had been emphasized by the defense (*see People v Flowers*, 83 AD3d 524 [2011], *lv denied* 17 NY3d 795 [2011]).

In any event, any error with regard to the two evidentiary rulings discussed above, viewed individually or collectively, was harmless given the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

We have considered and rejected defendant's claims under *People v O'Rama* (78 NY2d 270 [1991]). The record supports the conclusion that the court discharged its core responsibility by providing the parties with meaningful notice of the jury notes and an opportunity to be heard. As to one of the notes in question, the court read it into the record in open court well before giving the jury a response (*see People v Salas*, 47 AD3d 513, 514 [2008], *lv denied* 10 NY3d 844 [2008]). As to the other

note, there is record proof warranting an inference that the court discussed the note with counsel in an unrecorded conversation (see e.g. People v Wesley, 85 AD3d 672 [2011]).

The court lawfully imposed consecutive sentences for the murder and weapon possession convictions because defendant committed these offenses through separate and distinct acts (see People v McKnight, 16 NY3d 43, 48-49 [2010]). The weapon offenses were complete before the homicide was committed.

We perceive no basis for reducing defendant's sentence. Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Román, JJ.