██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARNEST STOKES, Appellant. [3 NYS3d 618]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered October 18, 2011, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant failed to lay a proper foundation for the admission into evidence of a prior inconsistent statement made by the complainant. Thus, the trial court properly refused to allow the defendant to introduce the statement into evidence (see People v Duncan, 46 NY2d 74, 80-81 [1978]; People v Sawyer, 304 AD2d 775, 776 [2003]; People v Sutton, 209 AD2d 456, 457 [1994]).

The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Wesley, 85 AD3d 672, 673 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Granger, 122 AD3d 940, 942 [2014]; People v Freeman, 93 AD3d 805, 806 [2012]).

The defendant's remaining contentions are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction. Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.