People v Burton (2018 NY Slip Op 01995)





People v Burton


2018 NY Slip Op 01995


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


6051 982/13

[*1]The People of the State of New York Respondent,
v
Duwayne Burton, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Deborah L. Morse of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J. and Mark Dwyer, J. at jury trial; Charles H. Solomon, J. at sentencing), rendered October 20, 2015, convicting defendant of murder in the second degree, burglary in the first degree and attempted robbery in the first degree, and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.
The verdict was supported by legally sufficient evidence, and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 349 [2007]). Moreover, we find that the evidence was overwhelming. There is no basis for disturbing the jury's credibility determinations. The cell phone records and surveillance videotapes in evidence went far beyond placing defendant at the scene of the crime. Instead, they were so harmonious with the accomplices' narrative that they exceeded the legal requirement of corroboration (see People v Davis, 28 NY3d 294, 303 [2016]; People v Reome, 15 NY3d 188, 191-195 [2010]), and provided compelling evidence of guilt when taken together with the accomplice testimony.
The court presiding over the initial portions of the trial, and the substitute justice presiding over the latter portions (when the first justice became unavailable), both properly denied defendant's application to impeach his own witness with a prior inconsistent statement. The witness's trial testimony did not tend to disprove or affirmatively damage the defense, but rather was only neutral or unhelpful (see CPL 60.35; People v Fitzpatrick, 40 NY2d 44, 51-52 [1976]). The witness's out-of-court statement and trial testimony were essentially similar, and both supported the defense theory, even if the prior version was more helpful. In any event, any error in excluding this impeachment was harmless, in light of the overwhelming evidence of guilt and the fact that the prior statement would only have been admissible for impeachment purposes and not as evidence in chief. Furthermore, we find that defendant was not deprived of his constitutional right to present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
The first trial court also properly allowed the People to introduce the accomplices' statements to the police in order to rebut defendant's claim of recent fabrication. During trial, defendant attacked the accomplices' credibility by showing that their cooperation agreements motivated them to falsify their testimony. However, the prior consistent statements predated that particular motive to falsify (see People v Flowers, 83 AD3d 524 [1st Dept 2011], lv denied 17 NY3d 795 [2011], cert denied 565 US 1017 [2011]). To the extent defendant argues that they had a motive to fabricate because at the time they made the statement they were suspected of involvement in the crime, there is no requirement that, to be admissible, a prior consistent statement predate all possible motives to falsify (see People v McClean, 69 NY2d 426, 430 [1987]; People v Baker, 23 NY2d 307, 322-323 [1968]). Furthermore, any error here was also harmless.
With regard to defendant's remaining claims of evidentiary error and/or prosecutorial misconduct, we find nothing so egregious as to deprive defendant of a fair trial, and that any [*2]errors were likewise harmless.
Defendant's claim of ineffective assistance of counsel at sentencing is unreviewable on direct appeal, because it involves matters not fully explained by the record. Alternatively, on the existing record, to the extent it permits review, we find that
defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK