■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WRIGHT, Appellant. [790 NYS2d 796]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered May 20, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [2], [4]), and one count each of criminal possession of a weapon in the second degree (§ 265.03 [2])

and criminal possession of a weapon in the third degree (§ 265.02 [4]). We reject defendant's contention that the theory of the prosecution was impermissibly changed in the prosecutor's opening statement to reflect a theory not set forth in the indictment. The indictment "fairly apprised defendant" of the theory of the People's case (*People v Medina*, 233 AD2d 927, 927 [1996], *lv denied* 89 NY2d 926 [1996]), and the slight variation in that theory did not affect defendant's liability for the crimes charged (*see People v Moore*, 274 AD2d 959, 959-960 [2000], *lv denied* 95 NY2d 868 [2000]).

We also reject defendant's contention that Supreme Court committed reversible error by allowing in evidence a hearsay statement that implicated defendant in drug dealing. The testimony regarding the hearsay statement of a witness at the crime scene that she knew that defendant was selling drugs was not admitted to establish that defendant was in fact selling drugs. Rather, that testimony was admitted to establish that defendant became angry after being threatened by the declarant and thus was prompted to remove from his pocket the gun that killed the victim (*see People v Davis*, 58 NY2d 1102, 1103 [1983]; *People v Daniels*, 265 AD2d 909, 910 [1999], *lv denied* 94 NY2d 878 [2000]; *People v King*, 217 AD2d 909, 910 [1995], *lv denied* 87 NY2d 847 [1995]).

Finally, we reject the contention of defendant that the statutory scheme in New York pursuant to which he was adjudicated a persistent felony offender is unconstitutional (*see People v Rosen*, 96 NY2d 329, 334-335 [2001], *cert denied* 534 US 899 [2001]; *People v Johnson*, 5 AD3d 1050 [2004], *lv denied* 3 NY3d 642, 676 [2004]). For the reasons set forth in our decision in *People v Nelson* (16 AD3d 1172 [2005]), we further reject defendant's contention that the decision of the Court of Appeals in *Rosen* is no longer valid in light of *Blakely v Washington* (542 US —, 124 S Ct 2531 [2004], *reh denied* — US —, 125 S Ct 21 [2004]). Present—Hurlbutt, J.P., Kehoe, Gorski, Martoche and Hayes, JJ.