THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. OSBORNE, Appellant. [880 NYS2d 835]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered November 20, 2006. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, criminal sexual act in the first degree, and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35 [4]), criminal sexual act in the first degree (§ 130.50

[4]), and endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that County Court erred in admitting in evidence a handwritten note of the victim that implicated defendant in the commission of a criminal sexual act (*see* CPL 470.05 [2]). In any event, although we agree with defendant that the note impermissibly bolstered the victim's testimony and that the court therefore erred in admitting it in evidence, we conclude that the error is harmless (*see generally People v Tejeda,* 73 NY2d 958, 960 [1989]; *People v Allah,* 57 AD3d 1115, 1118 [2008], *lv denied* 12 NY3d 780 [2009]).

Defendant failed to preserve for our review his further contention that the People changed the theory of the prosecution on the count charging him with endangering the welfare of a child by presenting evidence of an act that was not presented to the grand jury (*see generally People v Bracewell,* 34 AD3d 1197 [2006]). In any event, that contention lacks merit. The indictment charged defendant in a single count with the commission of multiple instances of endangering the welfare of a child committed during a specified period of time (*see People v Kuykendall,* 43 AD3d 493 [2007], *lv denied* 9 NY3d 1007 [2007]; *cf. People v Jacobs,* 52 AD3d 1182 [2008]), and any "slight variation" in the theory of the prosecution with respect to that count based on the testimony concerning the act in question cannot be said to have affected defendant's liability for the crime charged (*People v Wright,* 16 AD3d 1173, 1174 [2005], *lv denied* 5 NY3d 771 [2005]).

We further reject the contention of defendant that the court's response to the second jury note was inappropriate. While the court's response went beyond the proposed response discussed with the prosecutor and defense counsel, it did not interject substantive issues outside the scope of the jury's inquiry (*see People v Jackson,* 296 AD2d 658, 660 [2002], *lv denied* 98 NY2d 768 [2002]), it correctly stated the law (*see People v Jackson,* 52 AD3d 1052, 1054 [2008], *lv denied* 11 NY3d 789 [2008]), and it did not prejudice defendant (*see People v Barboza,* 24 AD3d 460, 461 [2005], *lv denied* 6 NY3d 773 [2006]). Finally, we conclude that defendant was not denied effective assistance of counsel (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]). Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.