# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1235**
**KA 07-02087**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

LESTER WEAVER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 2, 2007. The judgment convicted defendant, upon a jury verdict, of falsifying business records in the first degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of falsifying business records in the first degree (Penal Law § 175.10) and petit larceny (§ 155.25). We reject defendant's contention that the evidence adduced at trial is legally insufficient to support his conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), the evidence established that defendant knowingly returned unpurchased merchandise at a T.J. Maxx store in exchange for store credit in the form of a gift card. Defendant then used the fraudulently-obtained store credit to purchase several other items of merchandise before he left the store. Contrary to defendant's contention, the "indictment 'fairly apprised defendant' of the theory of the People's case . . ., and the slight variation in that theory [at trial] did not affect defendant's liability for the crimes charged" (*People v Wright*, 16 AD3d 1173, 1174, *lv denied* 5 NY3d 771; *see People v Osborne*, 63 AD3d 1707, 1708, *lv denied* 13 NY3d 748).

We agree with defendant, however, that County Court failed to comply with CPL 310.20 (1) and 310.30 in handling the fourth note from the jury received during deliberations, which requested access to a surveillance videotape that had been admitted in evidence. In response to the jury's first note seeking two specified statements and "a list of the evidence," the court sent all of the admitted evidence

to the jury with the exception of the videotape.  In its third note, the jury asked "to see the video," and the court directed that the jury be returned to the courtroom, whereupon the videotape was played.  The jury's fourth note read:  "We request to view the video in an atmosphere where it can be discussed by jury as a group [and] we can control what sections of video we watch."  The court did not read the jury note into the record, nor did it respond to the note on the record.  In fact, there is no indication in the record that defendant or his attorney were even apprised of the note or its contents.

CPL 310.20 (1) provides that jurors may take with them into deliberations "[a]ny exhibits received in evidence at the trial which the court, after according the parties an opportunity to be heard upon the matter, in its discretion permits them to take . . . ."  The court failed to comply with CPL 310.20 (1) in that it did not afford defendant the opportunity to be heard regarding the jurors' request to view the videotape "in an atmosphere where it can be discussed by [the] jury as a group [and] we can control what sections of video we watch" (cf. *People v Damiano*, 87 NY2d 477, 487; *People v Mitchell*, 46 AD3d 480, *lv denied* 10 NY3d 842), which requires reversal.  In addition, CPL 310.30 provides that, when a deliberating jury requests information with respect to any trial evidence, "the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper."  The court failed to comply with CPL 310.30 in that it did not give notice of the jury's request to counsel for defendant or give any response to the jury.  "In the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30, a mode of proceedings error occurred requiring reversal" (*People v Tabb*, 13 NY3d 852, 853; *see People v Kisoon*, 8 NY3d 129, 135; *see generally People v O'Rama*, 78 NY2d 270, 276-277).  Under the circumstances of this case, we reject the People's contention that the court's errors in failing to comply with CPL 310.20 (1) and CPL 310.30 are harmless (*see People v Cook*, 85 NY2d 928, 930-931).  In light of our conclusion that reversal is required, we need not address defendant's remaining contentions.

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court