■ In the Matter of THOMAS MCFADDEN, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [958 NYS2d 631]— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered July 27, 2012) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated an inmate rule.

It is hereby ordered that the determination is unanimously confirmed without costs and the amended petition is dismissed. Present—Smith, J.P., Fahey, Valentino, Whalen and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY Q. WASHINGTON, Appellant. [958 NYS2d 632]—

Appeal from a judgment of the Ontario County Court (Thomas M. Van Strydonck, J.), rendered November 17, 2011. The judgment convicted defendant, upon a nonjury verdict, of burglary in the third degree and petit larceny.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a nonjury verdict, of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25), defendant contends that the evidence is legally insufficient to establish with respect to both crimes that the merchandise he returned to a Lord & Taylor store was stolen or that he knew that it was stolen. We reject that contention. Viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence is legally sufficient to establish that defendant knowingly returned unpurchased merchandise in exchange for store credit, which he then used to purchase an item of clothing (see §§ 140.20, 155.25; People v Weaver, 89 AD3d 1477, 1478 [2011]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Additionally, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Present—Smith, J.P., Fahey, Valentino, Whalen and Martoche, JJ.