People v Zenon (2022 NY Slip Op 05446)

People v Zenon

2022 NY Slip Op 05446

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

677 KA 18-02444

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUAN A. ZENON, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered January 12, 2016. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that Supreme Court committed a mode of proceedings error when it failed to read the exact text of a jury note to defense counsel before counsel and the court agreed on a response to the note. We agree with defendant that the record fails to reflect that the court provided defense counsel with meaningful notice of the substantive jury note (see CPL 310.30; People v O'Rama, 78 NY2d 270, 277-278 [1991]).
The record reflects that the court received the note from the jury and properly marked it as a court exhibit. The jury note stated, in relevant part, "[p]lease go over manslaughter vs murder 2 elements of the charges from your instructions" (emphasis added). The court did not read the note verbatim and the record does not reflect that the court showed the note to the parties. Rather, the record reflects that the court informed the parties that the jury wanted the court to "go over the instructions for manslaughter and [m]urder in the [s]econd [d]egree" (emphasis added). We conclude that by improperly paraphrasing the jury note, the court failed to give meaningful notice of the note (see People v Copeland, 175 AD3d 1316, 1319 [2d Dept 2019], lv denied 34 NY3d 1016 [2019]; see generally People v Kisoon, 8 NY3d 129, 135 [2007]). Contrary to the People's contention, the difference between the content of the note and the court's words altered the meaning of the jury's request (cf. People v Carter, 201 AD3d 551, 551 [1st Dept 2022], lv denied 38 NY3d 949 [2022]). We therefore reverse the judgment and grant a new trial.
In light of our determination, we do not address defendant's remaining contentions.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court