People v Crawford (2024 NY Slip Op 00528)

People v Crawford

2024 NY Slip Op 00528

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, GREENWOOD, AND NOWAK, JJ.

838 KA 17-00450

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VICTOR CRAWFORD, DEFENDANT-APPELLANT. 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.
VICTOR CRAWFORD, DEFENDANT-APPELLANT PRO SE. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered April 14, 2016. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]).
Defendant contends in his main brief that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. We reject those contentions. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to support the jury's finding that defendant committed the crimes of which he was convicted based on the evidence presented at trial (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant further contends in his main brief that County Court committed a mode of proceedings error when it failed to read the exact text of a jury note to defense counsel before counsel and the court agreed on a response to the note. We agree with defendant that the record fails to reflect that the court provided defense counsel with meaningful notice of the substantive jury note (see CPL 310.30; People v O'Rama, 78 NY2d 270, 277-278 [1991]).
The jury note, marked as court exhibit 18, stated, in relevant part, "[w]e, the Jury, request: to hear the read-back of [a restaurant worker's] cross-examination where she is asked how many times she had seen the defendant at the restaurant. She indicates that she had seen him 2 times while she was working at the counter, and multiple times while she was not at the counter but through the security camera play-back. We wish to hear this portion read back. We also request to hear the portion of the cross-examination where she is asked and answers when she identified [a shooter shown in the surveillance video] as the defendant to the police" (emphasis added). The court did not read the note aloud verbatim and the record does not reflect that the court showed the note to the parties. Rather, the record reflects that the court addressed the note before counsel and the jury by stating, "the readback that you have requested of [the restaurant worker's] cross-examination where she is asked how many times she had seen the defendant at [*2]the restaurant will now be read back for you along with the second portion of that which reads, 'We also request to hear that portion of the cross-examination where she is asked and answers when she identified [the shooter] as the defendant to the police.' We'll read both those portions." The court failed to read the second and third sentences contained within the jury note. We conclude that by improperly paraphrasing the jury note, the court failed to give meaningful notice of the note (see People v Zenon, 208 AD3d 1634, 1635 [4th Dept 2022], lv denied 39 NY3d 1076 [2023]; People v Copeland, 175 AD3d 1316, 1318-1319 [2d Dept 2019], lv denied 34 NY3d 1016 [2019]).
Relying on People v Ramirez (60 AD3d 560 [1st Dept 2009], affd 15 NY3d 824 [2010]), the People contend that "[t]he record warrants an inference" (id. at 561) that defense counsel had seen the note during an off-the-record conference with the court, and, thus, the court's failure to read the note in its entirety into the record does not constitute a mode of proceedings error (see generally People v Nealon, 26 NY3d 152, 158 [2015]). We reject that contention. The inference the People ask us to draw is based on the fact that the transcript shows that the attorneys were "working on finding the correct video portions that the jury requested" when the court went back on the record following receipt of the note. The jury note in question did not, however, request the replaying of any video evidence. The jury had requested such evidence in a prior note (court exhibit 17), which was read into the record by the court and is not at issue on this appeal. We conclude that "[i]n the absence of record proof that the trial court complied with its [meaningful notice obligation] under CPL 310.30, a mode of proceedings error occurred requiring reversal" (People v Morrison, 32 NY3d 951, 952 [2018] [internal quotation marks omitted]; see People v Weaver, 89 AD3d 1477, 1479 [4th Dept 2011]).
In light of our determination, we do not address defendant's
remaining contentions raised in his main and pro se supplemental briefs.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court